UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSEPH BROLLIER,<br><br>      Plaintiff,<br><br>vs.<br><br>NURSE PRACTITIONER J. CONN, ADA COUNTY JAIL CLINIC, and ADA COUNTY,<br><br>      Defendants. | Case No. 1:22-cv-00333-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Complaint of Plaintiff Joseph Brollier was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. (Dkts. 3, 1.) A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. All prisoner and pauper complaints seeking relief against a government entity or official must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that state a frivolous or malicious claim, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

After reviewing the Complaint, the Court has determined that Plaintiff will be required to file an amended complaint if he desires to proceed.

INITIAL REVIEW ORDER BY SCREENING JUDGE - 1

## REVIEW OF COMPLAINT

1. **Standard of Law**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Title 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments of the United States Constitution.

It is unclear whether Plaintiff was a convicted felon or a pretrial detainee at the time of his incarceration at the jail. The Fourteenth Amendment's Due Process Clause applies to pretrial detainees and is violated when a detainee's conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Pretrial detainees have a due process right to adequate medical care while detained. *Simmons v. Navajo County*, 609 F.3d 1011, 1017 (9th Cir. 2010).

Detainees' conditions of confinement claims are analyzed using a standard of

"objective deliberate indifference." *Gordon v. County of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018). Under that standard, a detainee must establish the following elements: "(1) The defendant made an intentional decision with respect to [the medical treatment of the plaintiff]; (2) Those conditions put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries." *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 669 (9th Cir.), *cert. denied sub nom. San Diego Cnty. v. Sandoval*, 142 S. Ct. 711 (2021) (quoting *Gordon*, 888 F.3d at 1125). To satisfy the third element, the plaintiff must show that the defendant's actions were "objectively unreasonable," which requires a showing of "more than negligence but less than subjective intent—something akin to reckless disregard." *Id*. (citation omitted).

The application of this standard "will necessarily turn on the facts and circumstances of each particular case." *Id*. (internal quotation marks and alteration omitted).

Although the Court uses an objective standard in evaluating conditions of confinement claims of pretrial detainees, this standard must not be confused with the objective standard used for evaluating claims of negligence under state law. In a § 1983 setting, negligence—the "mere lack of due care" by a governmental official—"does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc); *see also Daniels v. Williams*, 474 U.S. 327, 332 (1986) (stating that negligence and ordinary negligence are

not actionable under § 1983, because such actions are not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person").

2.  **Summary of Allegations**

Plaintiff alleges that, on April 20, 2022, when he was in custody of the Ada County Jail, nurse practitioner J. Conn was checking his ear passage and forcefully pushed the ear scope into his right ear canal, rupturing his ear drum. His ear bled and discharged a pasty substance. Jail officials ignored his grievances and told him that he would be disciplined if he continued to complain about the issue. He suffered extreme pain for two weeks and had suicidal thoughts as a result of the pain. He was issued a hearing aid once he was transferred to the state prison, where medical staff determined that he is now deaf in his right ear.

3.  **Discussion**

As the standards of law set forth above explain, a civil rights action founded upon the Constitution cannot be based merely on careless or mistaken acts by government officials. Medical malpractice is not a constitutional tort. Here, Plaintiff has provided insufficient facts showing that NP Conn acted with a state of mind that was more than negligence, carelessness, or by mistake. Plaintiff will be given leave of court to provide additional facts that show he can meet the constitutional standard. Otherwise, he may voluntarily dismiss this action and pursue a medical malpractice or negligence action in state court.

   A.  ***Claims Against Ada County and Ada County Jail***

Even if Plaintiff has additional facts that would support a Fourteenth Amendment

INITIAL REVIEW ORDER BY SCREENING JUDGE - 4

claim so that he can proceed against NP Conn in federal court, he must meet an additional legal hurdle to be able to bring a constitutional tort claim against Ada County and the Ada County Jail. To bring a § 1983 claim against a local governmental entity, a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains. *Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978). That is, "[an entity] can be found liable under § 1983 only where the [entity] itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Under *Monell*, requisite elements of a § 1983 claim against a municipality performing a state function are the following: (1) the plaintiff was deprived of a constitutional right; (2) the municipality had a policy or custom; (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *See Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001). All policy-based claims must meet the pleading standards clarified by *Iqbal*, *supra*.

Plaintiff has provided insufficient allegations to state a claim against the county and the jail. There are no allegations showing that the particular way NP Conn examined Plaintiff and ruptured his ear drum was dictated by a county or jail policy. Nor are there any allegations demonstrating that the county or jail had a custom of permitting or encouraging its medical practitioners to treat inmates in the manner in which Plaintiff's ear drum was damaged.

Plaintiff may amend his Complaint to state additional facts showing a county policy

was the moving force behind the alleged constitutional injury. If he has no such facts, he should not include Ada County Jail Clinic or Ada County in the amended complaint.

### 4. Instructions for Amendment

If Plaintiff chooses to amend the Complaint, he must allege a sufficient causal connection between each defendant's actions and the claimed deprivation of his constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1045 (1989); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 (a complaint is insufficient if it "tenders naked assertions devoid of further factual enhancement" (punctuation altered)).

An amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces the original pleading.

The amended complaint must be legibly written or typed in its entirety, and it should be clearly designated as an "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court. If Plaintiff files an amended complaint, he must also file a "Motion to Review the Amended Complaint."

If Plaintiff has insufficient allegations to meet the federal standards above, he may voluntarily dismiss this case and instead file a complaint in state court. If Plaintiff proceeds

INITIAL REVIEW ORDER BY SCREENING JUDGE - 6

with state law claims in state court and determines during discovery that facts supporting a federal claim exist, he can amend his complaint in that action to pursue § 1983 federal civil rights claim in state court because state courts have concurrent jurisdiction to entertain claims brought under the federal civil rights statute seeking remedy for federally protected rights. *See* 42 U.S.C. § 1983, *et seq.*; *Dana, Larson, Roubal and Assoc. v. Board of Com'rs of Canyon County*, 864 P.2d 632 (Idaho Ct. App. 1993).

If Plaintiff fails to file anything further in this matter, his Complaint will be dismissed without prejudice for failure to state a federal claim upon which relief can be granted.

## ORDER

**IT IS ORDERED:**

1. Plaintiff must file an amended complaint no later than 45 days after entry of this Order. Failure to do so will result in dismissal of this action without prejudice without further notice.

2. Plaintiff's Application for Leave to Proceed in Forma Pauperis (Dkt. 1) is DENIED without prejudice as MOOT, pending receipt of an amended complaint.

DATED: March 2, 2023

David C. Nye
Chief U.S. District Court Judge