UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSEPH BROLLIER,<br><br>    Plaintiff,<br><br>vs.<br><br>NURSE PRACTITIONER J. CONN, ADA COUNTY JAIL CLINIC, and ADA COUNTY,<br><br>    Defendants. | Case No. 1: 1:22-cv-00333-AKB<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Joseph Brollier's prisoner civil rights case was reassigned to this Court for screening pursuant to 28 U.S.C. §§ 1915 & 1915A. (Dkt. 9). On initial review of this matter, Chief United States District Judge David C. Nye issued an Order requiring Plaintiff to file an amended complaint to correct deficiencies in the pleadings. (Dkt. 6). Plaintiff has filed his Amended Complaint (Dkt. 8), which the Court now reviews to determine whether summary dismissal is appropriate.

**REVIEW OF COMPLAINT**

1. **Standards of Law**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must review the complaints of all prisoners seeking to proceed against governmental entities or officials before such

complaints are served upon the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must summarily dismiss all frivolous or malicious claims, those that fail to state a claim upon which relief may be granted, and those that seek monetary relief from a defendant who has immunity. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

Pro se complaints must be liberally construed. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Nonetheless, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court," and the complaint should be summarily dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (citations and punctuation omitted).

*Twombly* introduced a "plausibility" standard, further explained in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In *Iqbal*, the Court reiterated that, to survive summary dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 570). The *Iqbal* Court explained that when "a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (punctuation altered).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Title 42

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 2**

U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the Amendments to the United States Constitution.

In the amendment, Plaintiff has not clarified whether he was a convicted felon or a pretrial detainee at the time his claims arose. (Dkt. 8). The Court will apply the pretrial detainee standard, because it is the easier standard for Plaintiff to meet. The Fourteenth Amendment's Due Process Clause applies to pretrial detainees and is violated when a detainee's conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Pretrial detainees have a due process right to adequate medical care while detained. *Gordon v. County of Orange*, 888 F.3d 1118, 1122 (9th Cir. 2018).

Detainees' conditions of confinement claims are analyzed using a standard of "objective deliberate indifference." *Id*. at 1123. Under this standard, a detainee must establish the following elements: (1) the defendant made an intentional decision with respect to the plaintiff's medical treatment; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries. *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 669 (9th Cir. 2021), *cert. denied sub nom. San Diego Cnty. v. Sandoval*, 142 S. Ct. 711 (2021).

To state a claim that the defendant's actions were "objectively unreasonable" under the third element, a plaintiff must provide factual allegations showing "more than

negligence but less than subjective intent—something akin to reckless disregard." *Id.* (citation omitted). In a § 1983 setting, negligence—the "mere lack of due care" by a governmental official—"does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc); *see also Daniels v. Williams*, 474 U.S. 327, 332 (1986) (stating that negligence and ordinary negligence are not actionable under § 1983, because such acts are not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person"). Whether the defendant's conduct was objectively unreasonable under the third element "will necessarily turn on the facts and circumstances of each particular case." *Castro*, 833 F.3d at 1071.

2. **Summary of Allegations**

Plaintiff alleges that, on April 20, 2022, Nurse Practitioner (NP) J. Conn conducted a physical examination of Plaintiff, who was in custody of the Ada County Jail. NP Conn checked Plaintiff's right ear canal but forcefully pushed the ear scope in too far, rupturing his ear drum. Afterward, his ear bled, discharged a substance, and caused him extreme pain. (Dkt. 8, p. 2). He complained to "staff" and wrote several "kites" and medical grievances asking for additional medical care. He alleges that his complaints were ignored and his pain increased. Plaintiff could not sleep and became suicidal.

Plaintiff finally saw a jail doctor, who recommended an outside clinic for a hearing test. On May 27, 2022, a jail communication form notified Plaintiff that he was scheduled for an appointment with an outside hearing specialist, but the appointment date was "quite

far away." (Dkt. 8, p. 6). Plaintiff reports that the results of the hearing test were inconclusive. (*Id.*, p. 3).

Plaintiff was issued a hearing aid once he was transferred to the state prison. A prison medical update record from June 29, 2022, shows that Plaintiff's right ear drum was "intact" during his prison intake physical examination. (Dkt. 8, p. 6). He asserts that he has a 60 percent hearing loss in his right ear.

3. Discussion

   A. *Claims against Individual*

Judge Nye explained to Plaintiff that a civil rights action asserting a violation of federal constitutional rights cannot be based merely on careless or mistaken acts by government officials. (Dkt. 6). Allegations of medical malpractice do not support a § 1983 civil rights claim. In the Amended Complaint, Plaintiff again has failed to provide sufficient facts showing that NP Conn acted with a state of mind that was more than negligence or mere carelessness. The Amended Complaint contains insufficient factual allegations to show plausibility, rather than mere possibility, of deliberate indifference under the *Twombly/Iqbal* standard. Plaintiff may not proceed against NP Conn in federal court because Plaintiff has not stated a federal claim, but he may desire to pursue a state law medical malpractice or negligence action against NP Conn in state court if he meets state procedural requirements.

### B. *Claims against Municipality and Entity*

Judge Nye also notified Plaintiff that his amended complaint allegations against Ada County and the Ada County Jail Clinic must meet the requirements of *Monell v. Dep't of Social Servs. of New York*, 436 U.S. 658 (1978). To state a *Monell* claim against a municipal entity, a pretrial detainee must allege facts showing that the entity had a "policy or custom" that caused the plaintiff's injuries "through deliberate indifference to his constitutional right to adequate medical care." *Sandoval*, 985 F.3d at 681 (citation omitted, punctuation altered). Assessing deliberate indifference under *Monell* is always an objective inquiry. *Castro*, 833 F.3d at 1076. Thus, to establish the County or the Jail Clinic was objectively deliberately indifferent, Plaintiff must show that the County or Clinic, through its supervisory officials, "had actual or constructive knowledge" that its policies were "'substantially certain' to result in inmates failing to receive the proper treatment, creating a likelihood of serious injury or death." *Sandoval*, 985 F.3d at 682–83 (quoting *Castro*, 833 F.3d at 1076).

Because the existence of a written policy or an unwritten custom that caused the plaintiff's injury "is an essential part of § 1983 liability . . . some fact indicating the existence of some such policy must be pled." *Strauss v. City of Chicago*, 760 F.2d 765, 768 (7th Cir. 1985). In *Trevino v. Gates*, 99 F.3d 911 (9th Cir. 1996), the court explained: "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Id*. at 918. In other words,

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 6**

simply because Plaintiff himself experienced a delay in treatment does not mean that staff were following a policy or custom.

Plaintiff does not mention any policy or custom in his Amended Complaint. Plaintiff asserts only that the County and the Jail Clinic failed to provide him with adequate emergency and follow-up care after his ear drum was damaged. Plaintiff has alleged that, after the medical examination on April 20, 2022, he submitted to "staff" three medical grievances (dates unknown) and six kites (between April 20 and May 6, 2022) requesting treatment for pain and a follow-up evaluation. He does not provide the names or titles of staff involved in evaluating his kites and grievances or the substance of the responses, and therefore, the Court cannot discern whether there is a pattern or verbiage from the responsive officials that might elevate his claims from possibility to plausibility. After searching through the record and liberally construing the Complaint, the Court finds nothing indicating that a policy or custom of sufficient duration, frequency, and consistency was the driving force behind either the original injury or the lack of follow-up care.

It is not enough for Plaintiff to newly allege in his Amended Complaint that, on an unidentified date, he asked an unidentified "pill call" medical staff member if she could help him, and she told him to "quit being a baby." (Dkt. 8, p. 2). There are no allegations showing that the response by this staff member was due to a County or Jail policy, rather than the staff member's personal decision-making. These allegations do not show that any

**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 7**

County or Jail Clinic policy or custom of sufficient duration, frequency, and consistency was the driving force behind the alleged violation.

4. **Summary and Conclusion**

Plaintiff was provided with adequate instructions for amendment. (Dkt. 6). The amended complaint does not contain any factual allegations that NP Conn was reckless or made an intentional decision to injure Plaintiff's ear. The allegations do not rise above negligence. Claims of negligence do not support civil rights liability and therefore must be pursued in state court under state tort law.

Plaintiff has not stated a cognizable claim against the County or Jail Clinic because he has failed to identify any custom or policy that caused his injuries. That a staff member declined to interrupt pill call to provide aid to Plaintiff for a non-life-threatening condition does not show that the refusal was based on a policy or custom.

Because Plaintiff has had an opportunity to amend his pleadings and did not cure the deficiencies identified in the original Complaint, the Court will dismiss his claims without prejudice to him attempting to bring his claims in state court.  He will not be permitted to proceed in federal court for lack of any plausible federal claim in the Amended Complaint.

## ORDER

**IT IS ORDERED** that Plaintiff's Amended Complaint (Dkt. 8) is **DISMISSED** without prejudice for failure to state a federal claim upon which relief can be granted.

DATED: July 24, 2023

*Amanda K. Brailsford*
Amanda K. Brailsford
U.S. District Court Judge